### NEWMAN v. TOLMIE.

(Supreme Court, Appellate Division, First Department. March 20, 1903.)

1. ASSIGNMENT OF LEASE—AGREEMENT TO SECURE NEW LEASE—CONSTRUCTION —INTENTION OF PARTIES.

The assignee of a lease at $75 per month agreed to pay his assignor a certain additional sum, if, after expiration of the lease, a new one for five years was obtained. At the time the agreement was made the parties were informed by the landlord's agent that it was impossible to get a lease for five years, but that one for a year would be given, and that thereafter there would be no trouble in getting an extended lease. *Held*

not to contemplate that the payment of the additional sum should depend on the obtaining of one lease for five years, but on defendant's securing the right to occupy the premises for that time.

2. SAME—QUESTION FOR COURT.

Assuming that the terms of the agreement were ambiguous, there being nothing in the negotiations leading up to it, or in the practical construction put on it by the parties after its execution, which threw any light on their intention as to the terms of the five-year lease to be obtained, the construction of the agreement was for the court, and not for the jury.

3. SAME—CONSTRUCTION—TERMS OF NEW LEASE.

The agreement contemplated a new lease at the same terms as the existing lease, and, where the assignee was allowed to occupy the premises for the five years, but had to pay an increased rental part of the time, he was not liable for the additional payment.

Exceptions from Trial Term, New York County.

Action by Jesse Newman against Murdo Tolmie. Exceptions to the dismissal of plaintiff's complaint on trial before a jury ordered to be heard in the first instance in the Appellate Division. Exceptions overruled, and judgment directed dismissing the complaint.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Henry Brill, for plaintiff.

Philip M. Brett, for defendant.

INGRAHAM, J. Upon the trial of this action the complaint was dismissed at the end of the plaintiff's case, to which the plaintiff excepted. The court thereupon ordered the exceptions to be heard in the first instance at the Appellate Division. The plaintiff was in possession as lessee of certain premises in the city of New York wherein he carried on the business of carpenter and builder. He had a lease of the premises, which expired on the 1st day of May, 1895, at a rental of $75 per month. In February, 1895, wishing to retire from business, in consideration of $750 paid by a firm of which the defendant was the surviving partner he sold to this firm certain personal property, consisting of a horse, wagons, etc. To this agreement there was annexed a note, as follows:

"Possession to be taken Mch. 1st, 1895, at $75 per month. If lease is obtained for 5 years the party of the 2nd part to pay to the party of the 1st part the sum of $750 additional and another bill of sale drawn up."

In pursuance of this agreement the defendant took possession of the personal property, and entered into possession of the premises theretofore occupied by plaintiff, and paid the $750. Prior to the making of this agreement the plaintiff and the defendant together had called upon the agent of the landlord to ascertain whether a new lease for five years could be obtained. The agent replied to this request that it was not possible to get an extended lease for five years from May, 1895, at that time, but that he believed the landlord would give a lease for one year from May, 1895, and he also believed that there would be no trouble after that in getting an extended lease, but that he would have to see the owner of the property. Nothing seems to have been said about the rental at that interview. Subsequently, on March 12, 1895, the owner and the plaintiff executed an agreement whereby the

lease was extended for one year from May 1, 1895, at $75 per month, and under that lease the defendant's firm occupied the premises until May 1, 1896. Prior to May 1, 1896, it would seem that the defendant entered into negotiations with the owner, and secured a verbal agreement for a new lease for three years from May 1, 1896, at $85 per month. The owner, however, refused to renew the lease at $75 per month, the rent formerly paid. Before this lease was actually executed, the plaintiff went to the agent of the landlord in relation to the new lease of the premises, when the agent stated that he had made an agreement for a new lease with the defendant for three years, but that it was not yet signed. After this interview with the agent, the plaintiff went to see the defendant, when they discussed the agreement for a lease already made. The plaintiff said to the defendant that he would get him a lease for four years of the same premises. The agent said that he could have a lease for that period, and the defendant then asked "for $75 per month," the same that they had been paying. To this the plaintiff said "No," and the defendant then said that he would refuse to take a four-years lease unless it was furnished at the old rent of $75 per month. The new lease obtained by the defendant was for three years from May 1, 1896, at the yearly rental of $1,020 ($85 per month), with a provision that, should the demised premises be sold previous to the expiration of the term, the lessee would, on or before the expiration of 60 days' notice, in writing, from the lessor, vacate the said premises, and that the lease should cease and determine. At the expiration of this lease in 1899, it was renewed for one year at the same rent, and the defendant therefore actually occupied the premises as lessee for a period of five years from May 1, 1895.

This action was brought to recover the additional $750, which, by the agreement of February 27, 1895, the defendant was to pay "if lease is obtained for five years." At the time this agreement was made the parties had applied to the landlord for a new lease for five years, but in reply to this application the agent had said that it was not then possible to get a lease for five years from May 1, 1895, but that he believed the owner would give a lease for one year from May 1, 1895, and that there would be no trouble after that in getting an extended lease. This was the situation when the agreement of February 27, 1895, was made. Considering this situation, it is quite evident that neither of the parties contemplated that the payment of this additional $750 should depend upon the defendant's obtaining one lease of the premises for five years at the expiration of the existing lease, as such a lease had been expressly refused prior to the making of the contract. The additional payment, however, was conditioned upon the defendant's obtaining a right to occupy the premises for five years; and I think it must have been contemplated that this occupation of the property subsequently should be upon the same terms as the present existing lease. The additional payment is conditioned upon the defendant's obtaining a lease of the premises for five years. The price that the defendant was to pay for the premises during the remainder of the lease under which the plaintiff was occupying the premises was fixed at $75 per month. The existing lease would expire on the 1st of May following the making of the contract, and the parties at the time the

agreement was made could get no actual assurance that a new lease of the premises would be given. The utmost that they had been able to obtain was an expression of belief by the agent of the landlord that a new lease for one year would be given, and it is claimed that what was contemplated was a lease at the same terms as were contained in the existing lease. A new lease for one year upon the same terms as the existing lease was given, but at the expiration of that lease the landlord refused to grant a further lease at the same rent, and exacted an increased rental, and it is clear that this was the best lease that either the plaintiff or the defendant could obtain. Assuming that the terms of this agreement were ambiguous, there was nothing in the negotiation leading up to this agreement, or in the practical construction of the agreement put upon it by the parties after it was executed, that throws any light upon the intention of the parties as to the terms of the lease to be obtained which would impose upon the defendant the payment of this additional sum of money. The construction of the agreement, therefore, became a matter of law for the court, and there was nothing to justify the submission of any question as to what the parties intended to the jury.

It has been held that a covenant of a renewal contained in a lease, where the amount of rent is not specified, implies a renewal for the same rent. Tracy v. Albany Exchange Co., 7 N. Y. 472, 57 Am. Dec. 538. The situation here was substantially the same. The plaintiff assigned to the defendant the lease of the premises up to the 1st of May following, the date of the agreement, and the defendant agreed to pay an additional sum of money upon condition that a lease would be obtained for five years. That, we think, clearly implied a lease upon the same terms as the existing lease, and, as this condition was not complied with, and no lease upon the existing terms was obtained for a greater period than one year, the defendant never became liable for the additional payment contemplated.

It follows that the complaint was properly dismissed. The exceptions are, therefore, overruled, and judgment directed dismissing the complaint, with costs. All concur.